IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CR-0140-CVE |
| v. ) | |
| ) | |
| MICHAEL F. KUKLA, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Now before the Court is the Unopposed Government's Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (Dkt. # 12). The government asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and continue this matter to the December 2013 jury trial docket. Defense counsel agrees that the case should be designated as complex.

On July 11, 2013, the grand jury returned an indictment charging the defendant with 23 separate counts, plus forfeiture allegations. Counts one through fifteen charge the defendant with wire fraud in violation of 18 U.S.C. § 1343. Counts sixteen through nineteen charge the defendant with money laundering in violation of 18 U.S.C. § 1957. Counts twenty through twenty-three charge him with tax violations. The charges all revolve around allegations that defendant was involved in a complicated and long term scheme to defraud various entities while he owned and operated Real Estate Closing Company (RECC).

The government asserts that counsel for the government and defendant will require a significant amount of time to prepare for trial and asks the Court to declare this matter a complex case under § 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. These sections permit a federal district court to exclude any period of delay resulting from a continuance if the judge granted

such continuance on the basis of finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Id. at 3161(h)(7)(B)(iv). A court may also consider whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. Id. at 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted cavalierly and it was intended to be a rarely used tool. United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why an ends of justice continuance is needed. Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The government asks the Court to declare this matter a complex case under § 3161(h)(7)(B)(ii). The Court has reviewed the government's motion and concludes that the government has provided an adequate record for the Court to rule on this matter without a hearing. The Court finds that it would be unreasonable to expect defense counsel to review discovery, draft pretrial motions, and prepare for trial within the time provided by the Speedy Trial Act, and this case should be declared a complex case under § 3161(h)(7)(B)(ii). The government has already produced to the defense a voluminous amount of discovery, and the government states that it is preparing to produce additional discovery materials. Dkt. # 12 at 4. This case involves numerous financial transactions, and the Court agrees with the government that review of this discovery will be time-consuming. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from the defendant's interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Acts 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendants interest of having adequate time to prepare for trial. The defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case.

**IT IS THEREFORE ORDERED** that the Unopposed Government's Motion to Declare this Case a Complex Matter Pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii) (Dkt. # 12) is **granted, and this matter is declared complex**. All deadlines in the scheduling order (Dkt. # 11), including the jury trial set for September 9, 2013, are **stricken.**

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | November 7, 2013 |
| Responses due: | November 21, 2013 |
| PT/CP/Motions Hearing: | **December 5, 2013 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 9, 2013 |
| Jury Trial: | **December 16, 2013 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between September 9, 2013 and December 16, 2013 is excludable pursuant to 18 U.S.C.§ 3161(h)(7).

**DATED** this 23rd day of August, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE